CHARLES J. SCHUCK, Judge.
On December 6, 1945, and in the nighttime of the said day, claimant, a practicing physician in the town of Whitesville, Boone County, had his 1939 Packard automobile stolen by one Edward Linville, a parolee from the West Virginia penitentiary. While being driven along highway route No. 3, in said county, by the said parolee, the car was wrecked and damaged and the claimant now asks for an award by this court in the sum of $950.00 to cover the repair bill, loss of use of the automobile, and depreciation.
Claimant maintains that the said parolee was released from the state penitentiary without executing a bond as required by chap. 62, art. 12, sec. 17, of the code of West Virginia, .which provides, inter alia, that one so parolled:
“ . . . shall enter into a bond in such sum as the director may require, with or without sureties, to *247 perform the conditions of his parole, which bond shall be payable to the state of West Virginia and shall be for the protection of all persons injured by any breach of the conditions of the parole.”
The evidence reveals that the authorities at the penitentiary had drafted the form of the bond to be required, in the sum of $300.00, but that the same had never been executed, at least by the sureties named therein. The evidence as to whether the bond was executed by the parolee himself is not satisfactory and one of the intended sureties testifies positively that when the bond was received by him no signature of any kind had yet been appended to it. The reason that the intended sureties failed to sign the bond or to execute it, was because of the fact that at the time that it reached them in their home county, the said parolee had already been released from the state penitentiary and consequently the sureties refused to sign the bond. Of course, it is obvious that Linville ought not to have been released uníil a good and sufficient bond was fully executed. It is, therefore, manifest that his release without the bond was improper and that having committed the crime of stealing claimant’s automobile, for which he was later convicted, the state must be called upon to answer for the default of its agency, and to make such amends and pay such damages to claimant as would have been paid him had the bond been properly executed.
The bond, as submitted to the intended sureties, was in the amount of $300.00. The testimony shows that this is the usual amount required in cases of release of convicts on parole from the stale penitentiary. If the bond had been executed as intended claimant would be entitled in our opinion to the sum of $300.00.
Taking all of the matters into consideration, including the age of the automobile, its value immediately before and after being wrecked, and the fact that claiman' received $1000.00, from the sale thereof, we are of the opinion that the sum of three hundred dollars f$300.00) would be sufficient to cover claimant’s loss and make an award accordingly.